**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MICHAEL GAMINO,

Plaintiff,

v.

HIRERIGHT SOLUTIONS, INC. et al.,

Defendants.

Case No. 11cv281 BTM(POR)

**ORDER REMANDING CASE**

In an order filed on February 17, 2011, the Court ordered Defendant Old Dominion Freight Line, Inc., to show cause why this case should not be remanded for lack of removal jurisdiction. For the reasons discussed below, this case is **REMANDED** to state court.

## I. PROCEDURAL BACKGROUND

On December 10, 2010, Plaintiff commenced this action in the Superior Court of the State of California, County of San Diego.

In his Complaint, Plaintiff alleges that he was formerly employed by defendant Old Dominion Freight Line, Inc. ("Old Dominion") as a truck driver. In or about December, 2009, Plaintiff applied for employment with FedEx. (Compl. ¶ 5.) During the interview process with FedEx, Plaintiff learned that Old Dominion had provided false information to defendant HireRight, Inc. ("HireRight"), who then passed on the information to FedEx. (Compl. ¶¶ 9-10.) This false information was contained in a report, which indicated that Plaintiff had been

in an accident involving injuries, death, or property damage. (Ex. A to Compl. (not attached to the Complaint filed with the Notice of Removal).)

When Plaintiff explained to FedEx that the information was erroneous, FedEx hired Plaintiff. (Compl. ¶ 10.) Plaintiff worked at FedEx until February 2010,[1] when he resigned because the only available shift was the night shift, which Plaintiff could not work. (Comp. ¶ 11.) Plaintiff subsequently applied for a driver position with Saia Motor Freight Line, Inc. ("Saia"). In a letter dated October 29, 2010, Saia informed Plaintiff that they could not hire him because they had hired HireRight to conduct a background check and had received a copy of the aforementioned report. (Compl. ¶ 13.)

Plaintiff alleges that Old Dominion has admitted that the information regarding Plaintiff being involved in an accident is false. (Compl. ¶ 15.) Plaintiff also alleges that HireRight has refused to correct the false information despite Plaintiff's requests that it do so. (Compl. ¶ 14.)

Plaintiff asserts causes of action for (1) defamation; (2) intentional interference with prospective economic advantage; (3) and negligent interference with prospective economic advantage. Plaintiff seeks compensatory damages, punitive damages, reasonable attorney's fees, and costs.

On February 10, 2011, Old Dominion removed this action to federal court. Old Dominion contends that the Court has diversity jurisdiction over the action under 28 U.S.C. § 1332(a).

## II. DISCUSSION

The Court has ordered Old Dominion to show cause why this case should not be remanded for lack of removal jurisdiction. Upon review of the responses to the Court's OSC, the Court concludes that Old Dominion has failed to establish by a preponderance of the evidence that the amount in controversy *at the time of removal* exceeded $75,000.

---

[1] The Complaint actually states that Plaintiff resigned in February 2009. However, given that Plaintiff interviewed with FedEx in December 2009, it is apparent that Plaintiff made a typographical error.

Plaintiff does not request a specific amount of damages in his Complaint. When it is unclear what amount of damages is sought by the plaintiff, the defendant bears the burden of proving the facts to support jurisdiction, including the jurisdictional amount. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The defendant must prove the existence of the amount in controversy by a preponderance of evidence. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

Old Dominion argues that based on the salary Plaintiff made at Old Dominion ($100,000 from April 2006 through November 2008), by the time of trial, his lost wages alone would be over $50,000, not including the value of lost benefits. However, Plaintiff points out that the Complaint's prayer does not seek front pay and that Plaintiff's past lost wages, when off-set by Plaintiff's income earned and unemployment benefits, do not amount to or exceed $75,000. At the time of removal, it appears that the lost wages in question were the wages Plaintiff would have earned at Saia from late October 2010 until the date of removal (February 10, 2011). This amount would certainly be significantly less than $75,000. Moreover, even if Plaintiff were seeking front pay, Old Dominion's calculations regarding the amount of front pay that would be at issue at the time of trial is entirely speculative, especially given that Plaintiff has already obtained one job in spite of the report. See Snead v. AAR Mfg., 2009 WL 3242013 (M.D. Fla. Oct. 6, 2009) (declining to consider front pay calculations in determining amount in controversy because they were based on pure speculation); Lamke v. Sunstate Equipment Co., LLC, 319 F. Supp. 2d 1029 (N.D. Cal. 2004) (explaining that inquiry into mitigation of damages with respect to front pay was appropriate in determining the amount in controversy in a removal case).

Old Dominion argues that the amount in controversy would nonetheless exceed $75,000 when including emotional distress damages, punitive damages, and attorney's fees. Although Plaintiff generally alleges that he was subject to "disgrace and humiliation," there is no evidence that Plaintiff suffered emotional distress to a degree that would make likely an award of tens of thousands of dollars. The emotional distress award in the case of Baker v. Privatair, Inc. (Def.'s Ex. 3) does not bolster Old Dominion's position. In Baker, not only

did the defendants make false allegations of safety violations by the plaintiff, Chief Pilot to Bruce Willis and Demi Moore, but also made ageist comments about the pilot and made "wild allegations about alcohol and mental problems," which were published to Willis and Moore.

Here, the allegedly false information provided by Old Dominion to HireRight was not of a scandalous nature. In fact, in its pending motion to strike, Old Dominion points out that the report (attached as Exhibit A to the Complaint but not included with the Notice of Removal) indicates:

> Equipment was involved in an occurrence or act that produces unintended injury, death, property damage of any type, or resulted in the equipment requiring tow (other than mechanical breakdown) while assigned to the driver regardless of fault. Adverse information is reported for 7 years.
>
> Number of DOT Recordable accidents less than 7 years old.  0
> Number of Non DOT Recordable Accidents/Incident less than 7 years old.  0
>
> No additional accident/incident information available.

The language in dispute appears to be the first paragraph quoted above. This language does not actually state that Plaintiff was at fault or actually involved in an accident involving injuries, death, or property damage, as alleged by Plaintiff. This language would also apply if Plaintiff's equipment was involved in some sort of occurrence that resulted in the equipment requiring tow even though Plaintiff was not at fault. Accordingly, the information conveyed by Old Dominion, even if not accurate, does not necessarily convey that Plaintiff was an incompetent truck driver.

For the same reasons, Baker does not support Old Dominion's contention that Plaintiff could be awarded millions of dollars in punitive damages. Given the ambiguous nature of the information at issue, the Court cannot conclude that an award of punitive damages would be likely. Indeed, Old Dominion has moved to strike the request for punitive damages because Plaintiff's claims are contradicted by the Search Report.

Finally, as pointed out by Old Dominion in its motion to strike, Plaintiff has not asserted a statutory or contractual basis for the recovery of attorney's fees. Therefore, the Court cannot consider attorney's fees in determining the amount in controversy.

   The Court concludes that Old Dominion has failed to meet its burden of establishing that the amount in controversy exceeds $75,000. Accordingly, the Court remands the case to state court.

## III. CONCLUSION

For the reasons discussed below, the Court **REMANDS** this case to the Superior Court of the State of California, County of San Diego. Accordingly, the Court does not rule on the pending motions to dismiss and strike.

**IT IS SO ORDERED.**

DATED: March 28, 2011

Honorable Barry Ted Moskowitz
United States District Judge